Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/08/2021 08:11 AM CDT

John Pieper, appellant, v. State
of Nebraska, appellee.
___ N.W.2d ___

Filed June 1, 2021.    No. A-20-557.

1. **Tort Claims Act: Appeal and Error.** Whether the allegations made by
   a plaintiff constitute a cause of action under the State Tort Claims Act
   or whether the allegations set forth claims which are precluded by the
   exemptions set forth in the act is a question of law, for which an appel-
   late court has a duty to reach its conclusions independent of the conclu-
   sions reached by the district court.
2. **Tort Claims Act: Immunity: Waiver: Appeal and Error.** An exception
   to the State's waiver of immunity under the State Tort Claims Act is an
   issue that the State may raise for the first time on appeal and that a court
   may consider sua sponte.
3. **Tort Claims Act: Legislature: Immunity: Waiver.** Through the State
   Tort Claims Act, the Legislature has waived the State's immunity with
   respect to certain, but not all, types of tort actions.
4. **Tort Claims Act: Immunity: Waiver.** The State Tort Claims Act waives
   the State's sovereign immunity for tort claims against the State on
   account of personal injury caused by the negligent or wrongful act or
   omission of any employee of the State, while acting within the scope of
   his or her office or employment, under circumstances in which the State,
   if a private person, would be liable to the claimant for such injury.
5. **Tort Claims Act: Immunity: Waiver: Appeal and Error.** When a
   plaintiff's complaint shows on its face that a claim is barred by one of
   the exceptions to the State's waiver of immunity under the State Tort
   Claims Act, the State's inherent immunity from suit is a jurisdictional
   issue that an appellate court cannot ignore.
6. **Tort Claims Act: Assault: Words and Phrases.** A broad definition of
   "arising out of an assault or battery" is consistent with the plain lan-
   guage of that phrase, which suggests that if a claim under the State Tort
   Claims Act would not exist without an assault or battery, it arises out of
   that assault or battery.

7. **Political Subdivisions Tort Claims Act: Tort Claims Act.** Because the language of the intentional tort exception is nearly identical under both the Political Subdivisions Tort Claims Act and the State Tort Claims Act, the cases construing the exception under the Political Subdivisions Tort Claims Act are applicable to cases under the State Tort Claims Act and vice versa.

Appeal from the District Court for Lancaster County: Robert R. Otte, Judge. Affirmed.

Joy Shiffermiller, of Shiffermiller Law Office, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and James A. Campbell, Solicitor General, for appellee.

Pirtle, Chief Judge, and Moore and Bishop, Judges.

Pirtle, Chief Judge.

## INTRODUCTION

John Pieper appeals from an order of the district court for Lancaster County which granted the State's motion for summary judgment on the basis that it lacked subject matter jurisdiction because Pieper's negligence claim was barred by the discretionary function exception to Nebraska's State Tort Claims Act (STCA), Neb. Rev. Stat. § 81-8,209 et seq. (Reissue 2014). Based on the reasons that follow, we affirm the district court's order, albeit for a different reason.

## BACKGROUND

Pieper is an inmate in the custody of the Nebraska Department of Correctional Services (the Department), an agency of the State of Nebraska. He was convicted of first degree assault and first degree imprisonment. Through most of his incarceration, Pieper has been housed at the Lincoln Correctional Center.

On September 22, 2016, Pieper was transferred to the Nebraska State Penitentiary in order to participate in a violence reduction program that had been recommended for him.

The program was not offered at the Lincoln Correctional Center at that time. The day Pieper arrived at the penitentiary, two inmates assaulted him, causing injuries.

On August 24, 2018, Pieper filed a complaint for damages against the State pursuant to the STCA. Pieper generally alleged that the assault on him at the penitentiary was carried out by two inmates who were members of a gang to which Pieper once belonged. Pieper alleged that for some time prior to his transfer, he had received threats indicating that he would be assaulted by gang members if he were ever transferred to the penitentiary. Pieper generally alleged that he had made various Department personnel aware of the threats and the possibility of an assault if he were transferred and that the Department ordered the transfer despite knowing of the threats. Pieper set forth a claim of negligence on the part of the State, alleging that the State was negligent for failing to use the degree of care required to provide reasonably adequate protection for Pieper—who was an inmate in its institution—by failing to take action to protect Pieper, despite its knowledge of the substantial risk to Pieper's safety. Pieper sought damages for physical and mental injuries and emotional distress.

The State filed an answer generally denying Pieper's allegations. The State also raised various defenses, including that the State was entitled to sovereign immunity and that Pieper's claim was barred by § 81-8,219(1) (claim based on performance of discretionary function) and § 81-8,219(4) (claim arising out of assault).

On February 1, 2020, the State filed a motion for summary judgment, alleging that the court lacked subject matter jurisdiction because Pieper's negligence claim was barred by the discretionary function exception to the STCA.

Following a summary judgment hearing, the district court granted the State's motion for summary judgment and dismissed Pieper's complaint for lack of subject matter jurisdiction. The court determined that under relevant statutes and regulations, the decision to require Pieper to participate in the violence

reduction program and to transfer him to the penitentiary to participate in the program were matters of choice for Department staff and were of the sort considered discretionary functions. Therefore, it concluded that the discretionary function exception to the STCA applied and barred Pieper's claim.

## ASSIGNMENTS OF ERROR

Pieper assigns that the district court erred in (1) granting summary judgment in favor of the State and (2) finding that it lacked subject matter jurisdiction and that the case was barred by the discretionary function exception to the STCA.

## STANDARD OF REVIEW

[1] Whether the allegations made by a plaintiff constitute a cause of action under the STCA or whether the allegations set forth claims which are precluded by the exemptions set forth in the act is a question of law, for which an appellate court has a duty to reach its conclusions independent of the conclusions reached by the district court. *Moser v. State*, 307 Neb. 18, 948 N.W.2d 194 (2020).

[2] An exception to the State's waiver of immunity under the STCA is an issue that the State may raise for the first time on appeal and that a court may consider sua sponte. *Id.*

## ANALYSIS

Pieper assigns that the district court erred when it determined that his claim was barred by the discretionary function exception to the STCA and granted the State's motion for summary judgment.

The State argues that the district court's dismissal should be affirmed based on the discretionary function exception, but can also be affirmed on an alternate basis. It contends that because Pieper was assaulted by other inmates, the intentional torts exception to the waiver of sovereign immunity applies. See § 81-8,219(4).

[3,4] Through the STCA, the Legislature has waived the State's immunity with respect to certain, but not all, types

of tort actions. *Moser v. State, supra*. As pertinent here, the STCA waives the State's sovereign immunity for tort claims against the State on account of personal injury caused by the negligent or wrongful act or omission of any employee of the State, while acting within the scope of his or her office or employment, under circumstances in which the State, if a private person, would be liable to the claimant for such injury. *Id.* See § 81-8,210(4).

But there are exceptions to the State's waiver of immunity. As relevant to this appeal, § 81-8,219 provides that the STCA shall not apply to the following:

> (1) Any claim based upon an act or omission of an employee of the state, exercising due care, in the execution of a statute, rule, or regulation, whether or not such statute, rule, or regulation is valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a state agency or an employee of the state, whether or not the discretion is abused;
>
> . . . .
>
> (4) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.

The State argues that Pieper's lawsuit is barred, not just by § 81-8,219(1), but also by the intentional tort exception found in § 81-8,219(4). The State raised § 81-8,219(4) as a defense in its answer, but did not argue that ground in regard to its motion for summary judgment.

[5] We first note that we may consider the State's contention that the exception set forth in § 81-8,219(4) is applicable. The Nebraska Supreme Court has held that "'when a plaintiff's complaint shows on its face that a claim is barred by one of the exceptions [to the State's waiver of immunity], the State's inherent immunity from suit is a jurisdictional issue that an appellate court cannot ignore.'" *Moser v. State*, 307

Neb. 18, 24, 948 N.W.2d 194, 199 (2020), quoting *Davis v. State*, 297 Neb. 955, 902 N.W.2d 165 (2017). An exception to the State's waiver of immunity under the STCA is an issue that the State may raise for the first time on appeal and that a court may consider sua sponte. *Moser v. State, supra.*

In support of its argument that the intentional tort exception applies in this case, the State relies on *Moser v. State, supra.* In *Moser*, the Supreme Court applied the intentional tort exception to bar a negligence claim brought by the estate of a man who was fatally assaulted by a cellmate while housed in a state prison facility. The estate alleged the State had negligently "double bunked" the two inmates and had failed to protect the decedent from a foreseeable assault. *Id.* at 21, 948 N.W.2d at 197. The district court dismissed the suit, finding the State was immune under the STCA's discretionary function exception. On appeal, the Supreme Court affirmed the dismissal, but on different sovereign immunity grounds. It concluded the negligence claim arose out of an assault and fell squarely within the STCA's exception for "[a]ny claim arising out of assault [or] battery . . . ." See § 81-8,219(4).

[6] In its analysis, the *Moser* court discussed previous cases where it had addressed the meaning and scope of the intentional tort exception to the STCA, as well as of the Political Subdivisions Tort Claims Act (PSTCA), and concluded that a broad definition of "arising out of an assault or battery" is consistent with the plain language of that phrase, which suggests that if a claim under the STCA would not exist without an assault or battery, it arises out of that assault or battery. The Supreme Court stated that although the estate's complaint plainly alleged a negligence cause of action, the estate alleged in the complaint that decedent was assaulted by his cellmate. The Supreme Court concluded: "A reading of the complaint makes it clear that all of [the estate's] allegations, including [the] claims of negligence in the decision to double bunk [decedent and the other inmate], flow from this assault." *Moser v. State*, 307 Neb. at 31, 948 N.W.2d at 203-04. Accordingly,

it held that the allegations arose out of an intentional tort for purposes of the STCA and that the State had immunity from suit on that basis.

[7] The Supreme Court recently decided a case similar to *Moser* involving the intentional tort exception of the PSTCA. See *Edwards v. Douglas County*, 308 Neb. 259, 953 N.W.2d 744 (2021). Because the language of the intentional tort exception is nearly identical under both the PSTCA and the STCA, the cases construing the exception under the PSTCA are applicable to cases under the STCA and vice versa. See *Edwards v. Douglas County, supra*.

In *Edwards*, the plaintiff sued Douglas County under the PSTCA, alleging that the county negligently handled a series of 911 emergency dispatch calls and that as a result, emergency personnel did not arrive in time to prevent or stop the plaintiff's former boyfriend from sexually assaulting her. The district court granted summary judgment in favor of the county on the ground that the county did not owe the plaintiff a legal duty.

On appeal, the county argued that the plaintiff's claim was barred by sovereign immunity because the PSTCA's exemption for claims "arising out of assault" applied. The Supreme Court noted:

> We have said the [intentional tort] exemption applies whenever an assault "is essential to the claim," and it bars claims against the government which "sound in negligence but stem from [an assault or] battery." We have also said the exemption encompasses claims that "would not exist without an assault or battery," and claims which are "'inextricably linked to [an assault or] battery.'" All of these articulations speak to the same point: when a tort claim against the government seeks to recover damages for personal injury or death stemming from an assault, the claim necessarily "arises out of assault" and is barred by the intentional tort exemption under the PSTCA. The plain language of the exemption and our principles of

strict construction require this result no matter how the tort claim has been framed and regardless of the assailant's employment status.

*Edwards v. Douglas County*, 308 Neb. at 277-78, 953 N.W.2d at 756. The Supreme Court concluded that the case presented a classic example of a claim which sounds in negligence but which stems from, and is inextricably linked to, an assault or battery. It held, therefore, that the plaintiff's negligence claim against the county was barred by sovereign immunity under the intentional tort exemption of the PSTCA.

In the instant case, Pieper set forth a claim of negligence against the State, alleging the State was negligent in moving him to the penitentiary for a violence reduction program knowing that threats had been made against him if he were transferred, thereby allowing him to be assaulted. Pieper's claim clearly arises out of an assault, no matter how he frames his negligence claim against the State. The assault is essential to Pieper's claim; his claim would not exist without the assault. Accordingly, Pieper's claim falls within the STCA's intentional tort exception and is barred by sovereign immunity.

Because we conclude that the State had immunity from suit under the intentional tort exception to the STCA, as set forth in § 81-8,219(4), we need not address Pieper's assignments of error on appeal relating to immunity under the discretionary function exception.

## CONCLUSION

We conclude that the State has immunity from suit under the intentional tort exception to the STCA. Accordingly, the district court did not err in granting summary judgment in favor of the State and dismissing Pieper's complaint. The order of the district court is affirmed.

AFFIRMED.

BISHOP, Judge, concurring.

I concur with the majority that the district court's decision should be affirmed. However, I would have affirmed by

addressing how the district court correctly concluded that the discretionary function exception to the STCA barred Pieper's claim rather than affirming on a basis not raised before the district court, namely, the intentional tort exception to the waiver of sovereign immunity. Relying on *Moser v. State*, 307 Neb. 18, 948 N.W.2d 194 (2020), the majority considered this alternative exception to the State's waiver of immunity even though it was not raised at the trial court level and is raised for the first time on appeal. Further guided by *Moser*, the majority concluded that "Pieper's claim clearly arises out of an assault, no matter how he frames his negligence claim against the State," the "assault is essential to Pieper's claim," and "his claim would not exist without the assault." Applying this "but for" analysis, the majority concluded that "Pieper's claim falls within the STCA's intentional tort exception and is barred by sovereign immunity." Given the precedent established by the Nebraska Supreme Court in *Moser*, I cannot fault the majority for taking this alternative path to reach this conclusion.

However, because we could have affirmed the district court's decision on the only exception it considered, the discretionary function exception, my preference would have been to affirm on that basis rather than by applying the intentional tort exception to the facts of this case. My preference is driven by persuasive points made by Justice Miller-Lerman in her dissent in *Moser*, as well as the *Moser* majority's acknowledgment that the assault in that case "was horrific" and that "[t]he Legislature may wish to revisit the State's sovereign immunity in cases such as the one presented by this appeal," since it is the province of the Legislature to make such policy judgments. 307 Neb. at 31, 948 N.W.2d at 204.

It is difficult to imagine that the Legislature intended to shield governmental actions which knowingly or negligently place a person in harm's way. While negligence may be hard to prove in such circumstances, there should nevertheless be some requirement of accountability. As the *Moser* dissent noted,

"The U.S. Supreme Court has warned . . . that 'unduly gener-ous interpretations of the exceptions run the risk of defeat-ing the central purpose of the statute,' . . . which 'waives the Government's immunity from suit . . . .'" 307 Neb. at 35, 948 N.W.2d at 206 (Miller-Lerman, J., dissenting). Further, "the 'but for'" approach adopted by the *Moser* majority "implies that the 'intentional act somehow obliterates the legal significance of any negligence that precedes or follows it.'" 307 Neb. at 42, 948 N.W.2d at 210 (Miller-Lerman, J., dissenting).

Accordingly, since there is room for disagreement regard-ing the interpretation of the STCA's intentional tort exception, my preference would have been to limit our affirmance of the district court's decision to the discretionary function exception that the district court actually considered.